**In the Matter of Estate of PHILIP BRADY,**
**Deceased**

September Term, 1921

No. 14

District Court of the Virgin Islands

Frederiksted Sub-Judicial District
Saint Croix

January 30, 1924

McKEAN, *Judge*

The record of this case is rather voluminous. Much of the delay in the administration of the estate was due to threatened litigation and numerous continuances granted for the purpose of affording opportunities of proceeding with a claim which eventually failed of substantiation.

The report of the administrator shows that Eugene M. Brady, of St. Croix, Virgin Islands, was the highest bidder at a public auction held on the 27th day of November, 1923, of the plantations known as Estates "SPRING GARDEN" and "CALEDONIA," situate in Northside Quarter, Island of St. Croix. It shows that said bid was for the sum of Fcs. 9,500. While the report is silent as to this, it is assumed that the successful bidder is the Eugene Brady who is devisee under the will of Philip Brady, deceased.

The plantations in question have an area of 554 acres, and were appraised March 25, 1922, in the sum of $8,000. or Fcs. 40,000. In other words, the sale reported was for

less than 25% of the appraised valuation. It looks as though the sum bid is "disproportionate to the value thereof" (Code [1921], Title III, chapter 76, section 12) (15 V.I.C. § 499).

In the Municipality of St. Croix the system of taxation is such that real estate is not taxed according to valuation. There is, therefore, no tax assessment valuation to be used as a guide. The appraisers, however, are residents of long standing in St. Croix, who are thoroughly familiar with the values of plantations and men of well known probity, and valued the property according to conditions prevailing in St. Croix in March, 1922. There has been a great shrinkage of values of real estate in the Island of St. Croix during the last two years. Evidence recently taken in the case of Jackson's Estate, January Term, 1922, No. 20, shows a shrinkage of 40% between 1922 and the present time in the value of town properties.

The petition, upon which a citation was issued to show cause why an order of sale of the plantations in question should not be granted, shows that the land is in poor condition, having been permitted to grow a rank and thick cover of bush. The rapidity with which neglected cultivable land shrinks in value when allowed to run into bush was shown by testimony adduced in the case of Fleming v. Hagemann, January Term, 1923, No. 24 (I V.I. 32).

No showing has been made of the possibility of obtaining a new bid in a sum exceeding that of Eugene M. Brady by at least ten percent over and above the expenses of a new sale. Nowhere does there appear to be any indication of irregularities in the sale. Under all of the circumstances of the case, the Court cannot find: (1), "that there were irregularities in the sale," or, (2), "that the sum bidden for the properties is disproportionate to the value thereof, and that a sum exceeding such bid at least ten percentum, exclusive of the expenses of

a new sale, may be obtained therefor." (Code [1921], Title III, chapter 76, section 12 [15 V.I.C. § 499]).

It is evident, upon reading the provisions of the Code, that mere inadequacy of price taken alone is insufficient to invalidate a sale of property by executors or administrators. It must not be taken from this that inadequacy of price is not a circumstance of great weight, where other reasons appear, for setting aside a sale. On the contrary, practically all jurisdictions will set aside a sale of this character for inadequacy of price where there are very slight additional reasons for taking such an action.